Appellee Mary C. Cardani was employed as a waitress by Applebee's Restaurant from August 5, 1996, to September 7, 1996. She quit her job as a waitress in order to get a better job. On September 16, 1996, appellee took a job with Olsten Home Health Care, at the Wayne-Dalton Corporation, as an assembler. She did not like the long commute from her home to work, and she quit the position on September 19, to accept work with Interim, an agency which provides temporary workers to businesses. Appellee worked for Interim from September 20, to September 23. On September 23, appellee was separated from Interim due to the lack of work.
On September 26, 1996, appellee filed an application for a determination of unemployment benefits. The Administrator granted appellee unemployment benefits. Upon a request for reconsideration, the Administrator affirmed the initial decision.
Olsten and Interim appealed to the Ohio Unemployment Compensation Review Commission. After taking testimony and considering the evidence in a de novo proceeding, the hearing officer modified the Administrator's decision. The hearing officer disqualified appellee from receiving unemployment compensation benefits, finding that she twice failed to remove the disqualification from quitting one employer, to begin employment with a new employer.
Appellee appealed the Review Commission's decision to the Tuscarawas County Court of Common Pleas. On November 15, 1997, the court reversed the Review Commission's decision, finding the decision was an unlawful interpretation of R.C. 4141.291. On appeal to this court, we reversed the decision of the Tuscarawas County Common Pleas Court. We remanded the case with instructions to determine whether appellee was required to work for three or six weeks at Olsten in order to remove the disqualification placed upon her when she left Applebee's. If the court determined only three weeks employment was necessary to remove the disqualification, then the court was to determine whether or not appellee quit her job with Olsten for just cause. On remand, the court concluded that appellee had quit her job at Olsten for just cause, and the decision of the Board of Review was therefore unreasonable.
The Administrator of the Ohio Bureau of Employment Services has appealed this decision to this court:
ASSIGNMENT OF ERROR
 THE COMMON PLEAS COURT EXCEEDED ITS JURISDICTION UNDER R.C. 4141.28 (O) BY MAKING A FACTUAL DETERMINATION WHICH WAS RESERVED FOR THE REVIEW COMMISSION AND HAD NOT YET BEEN MADE BY THE REVIEW COMMISSION.
Appellant argues that the common pleas court was precluded from determining a factual issue that had not been previously determined by the Board of Review. Initially, the Administrator made a factual finding that appellee quit her job for just cause. The Board of Review determined the case on a slightly different basis, finding that she quit her job to accept a different job, which is a disqualifying condition pursuant to law. Therefore, the trial court did determine the case on a different issue than that which was decided by the Board of Review. Nevertheless, the court did find that the Board of Review's decision was unreasonable.
A reviewing court may reverse a just cause determination if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Administrator (1995),73 Ohio St.3d 694, paragraph one of the syllabus. While appellate courts are not permitted to make factual findings, or to determine the credibility of witnesses, they have the duty to determine whether the Board's decision is supported by the evidence in the record. Id. at 696. The same standard of review is shared by all reviewing courts, from the common pleas court through the Ohio Supreme Court. Id. Therefore, the duty of this court is to review the decision of the Board of Review to determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence.
The Board of Review concluded that appellant quit her job to accept other employment, which is a disqualifying condition. This decision is not unreasonable. At the hearing before the Board of Review, there was evidence presented from Olsten that when they offered appellant a different job, she responded that she had found a new job, and would be leaving Olsten on September 19. She began employment with Interim the next day. Appellee testified at the hearing that the reason she sought new employment when she was working at Olsten was primarily because of the distance of travel. Therefore, while there was evidence that appellee sought new employment because of the distance of travel, the Board's decision that she quit her job at Olsten in order to accept the position with Interim is not unreasonable, unlawful, or against the manifest weight of the evidence.
The assignment of error is sustained.
The judgment of the Tuscarawas County Common Pleas Court is reversed. The decision of the Board of Review is reinstated.
By Gwin, J., Wise, P.J., and Farmer, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Common Pleas Court is reversed. The decision of the Board of Review is reinstated.
--------------------
--------------------
 -------------------- JUDGES